FOWLES v. HAYDEN.

1. MALICIOUS PROSECUTION—OBSTRUCTING HIGHWAY—PROBABLE
   CAUSE—SUFFICIENCY OF EVIDENCE.
       In an action against a highway commissioner for malicious
       prosecution in causing plaintiff's arrest for obstructing a
       highway, the testimony tended to show that defendant laid
       the facts before the prosecuting attorney, and acted on his
       advice in swearing to the complaint, without malice and in
       good faith. The willful obstruction of a highway is made a
       penal offense by 2 Comp. Laws, § 4157, and it is the commis-
       sioner's duty to keep it free from obstructions. The validity
       of the proceeding laying out the highway in question had
       been sustained by the circuit court. Held, sufficient to justify
       a judgment for defendant, on the ground that he had prob-
       able cause to believe plaintiff guilty of an offense, even if a
       criminal prosecution will not lie for obstructing a highway.

2. SAME—EVIDENCE—ADMISSIBILITY.
       In an action against a highway commissioner for maliciously
       prosecuting plaintiff for obstructing a highway, an adjudica-
       tion of the circuit court sustaining the validity of the high-
       way was competent to show good faith, where brought to
       defendant's knowledge, though plaintiff was not a party
       thereto.

Error to Benzie; Chittenden, J. Submitted January
30, 1902. Decided March 4, 1902.

Case by John Fowles against John S. Hayden for ma-
licious prosecution. From a judgment for defendant,
plaintiff brings error. Affirmed.

*John W. Wilson* and *Nevius & Louiselle*, for appel-
lant:

It is not a crime to obstruct highways. 2 Comp. Laws,
§ 4157; *Pettinger* v. *People*, 20 Mich. 336; *Thurston* v.
*Wright*, 77 Mich. 96 (43 N. W. 860).
Lack of probable cause is evidence of malice. *Carson*

v. *Edgeworth*, 43 Mich. 241 (5 N. W. 282); *Hamilton v. Smith*, 39 Mich. 222; *Brand* v. *Hinchman*, 68 Mich. 590 (36 N. W. 664, 13 Am. St. Rep. 362).

Good faith and honest motives, in the absence of probable cause, are no defense. *Wilson* v. *Bowen*, 64 Mich. 133 (31 N. W. 81). Nor is a belief that an offense has been committed. *Spalding* v. *Lowe*, 56 Mich. 366 (23 N. W. 46).

*D. G. F. Warner*, for appellee.

HOOKER, C. J. The plaintiff has appealed from a judgment of not guilty in an action for malicious prosecution. The defendant was highway commissioner, and, acting under the advice of the prosecuting attorney, signed and swore to a complaint in writing against the plaintiff for obstructing a highway by felling some trees across it. A warrant was issued, and plaintiff was arrested, but, being afterwards discharged by the justice upon the ground that his act did not constitute a crime, he commenced this action. It was heard upon the merits by the court without a jury. The record does not contain the pleadings, and no formal finding of fact and law was demanded or filed. Some comments made by the learned circuit judge at the close of the testimony indicate his view of the facts and the judgment to be entered. These show that he found that the defendant laid the facts before the prosecuting attorney, and acted upon his advice in swearing to the complaint, and that he acted without malice and in good faith. The plaintiff insists that the warrant charged no offense, and that his conduct was not a crime, and therefore there was not probable cause, and the prosecution was necessarily malicious.

The record does not contain copies of the complaint and warrant, and therefore we cannot tell what it charged. The unlawful obstruction of a public highway is a penal offense (2 Comp. Laws, § 4157), and it is the duty of highway commissioners to keep highways free from obstructions. The circuit court had sustained the validity of the proceedings to lay out this highway, and, whether

binding upon the plaintiff or not, that action appears to have convinced the defendant that plaintiff had no right to obstruct it.   We are of the opinion that there was evidence from which the trial court might properly find that the defendant had probable cause to believe that the plaintiff was guilty of an offense.   He does not appear to have attempted to determine the nature of the offense, but left that to the proper officers, and we think that there was evidence to sustain the judgment.

Several errors are assigned upon the introduction of the evidence.   Those pertaining to the question of damage are unimportant, because the court found against the plaintiff on the merits of the case.   The former adjudication upon the subject of the validity of the highway was of no significance, except in relation to defendant's good faith.   It was competent for that purpose, although plaintiff was not a party to such adjudication, if, as appears, it was brought to defendant's knowledge.

Other questions raised do not require discussion.   We find no error, and the judgment is affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.